**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David LINDSAY, Defendant–Appellant.**

No. 09–3906.

United States Court of Appeals,
Seventh Circuit.

Submitted April 14, 2010.

Decided April 16, 2010.

Bradley Blackington, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

William E. Marsh, Attorney, Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

David Lindsay, Lexington, KY, pro se.

Before WILLIAM J. BAUER, Circuit Judge, RICHARD A. POSNER, Circuit Judge and TERENCE T. EVANS, Circuit Judge.

### ORDER

David Lindsay pleaded guilty to conspiring to distribute in excess of 500 grams of methamphetamine and possessing with intent to distribute at least 5 grams of methamphetamine, see 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 204 months' imprisonment. In the plea agreement he waived his right to appeal his conviction and sentence. He filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot identify any non-frivolous argument to pursue. Lindsay did not accept our invitation to respond to his lawyer's submissions, see CIR. R. 51(b), so we limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Lindsay does not seek to have his guilty plea set aside, so counsel rightly omits a discussion of the plea's voluntariness or the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

Counsel considers whether Lindsay could challenge the reasonableness of his agreed-upon sentence, but properly con-

cludes that such a challenge would be foreclosed by the appeal waiver. Because the guilty plea stands, so does the waiver. *See Nunez v. United States*, 546 F.3d 450, 453 (7th Cir.2008).

Finally, counsel correctly points out that any challenge to the effectiveness of his representation in the district court should be explored in a collateral proceeding so that a more complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir.2005).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Lindsay's appeal.